Fahnestock & Co. vs. Bailey & Varnon.

---

CASE 13—PETITION ORDINARY—JUNE 15.

## Fahnestock & Co. vs. Bailey & Varnon.

APPEAL FROM LINCOLN CIRCUIT COURT.

Where the principal can trace his property into the hands of his agent or factor, whether it be the identical article which first came to the hands of the factor, or other property purchased for the principal by the factor with the proceeds, he may follow it either into the hands of the factor, or of his legal representatives, or of his assignees, if he should become insolvent or bankrupt.

The factor is a trustee for the principal so long as he retains the property, or its representative, in his hands; and his assignees, or legal representatives, take it subject to the same trust, which they cannot defeat by turning it into money, unless, indeed, they should pay it away in their representative character before notice of the claim. It is in this point of view only that notice is necessary.

Vermifuge, placed in the hands of a druggist to be sold upon commission, was conveyed by him to trustees, with his stock of drugs, for the benefit of his creditors. It came into the hands of the trustees, who sold it. Held—that if the property or its proceeds remained in the hands of the trustees, they are responsible therefor to the person who bailed it to the druggist; but if the property was received by them without notice of the claim of the bailor, and they have bona fide sold it, and paid out

Fahnestock & Co. vs. Bailey & Varnon.

the money according to the trust, *before notice* of the claim of the bailor, they are not responsible.

An allegation of new matter in an answer, not constituting a counter-claim or set-off, must be considered as controverted by the plaintiff, as upon a direct denial, and be proved by the defendant.

This action was brought by Fahnestock & Co. against Bailey and Varnon to recover $70, for vermifuge alleged to have been placed by the plaintiffs in the hands of Hatch, a druggist, for sale on commission, and included by him in an assignment of his goods to Bailey and Varnon, as trustees, for the benefit of his creditors. The law and facts having been submitted to the court judgment was rendered for the defendants, from which the plaintiffs appeal. The other facts sufficiently appear from the opinion.

JOHN M. HARLAN, for appellants, cited *Hardin*, 531; 1 *Dana*, 110; 15 *B. Monroe*, 556.

Fox & BELL, for appellees.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

The case now before the court is not analagous to the cases of *Chism vs. Woods*, (*Hardin*, 531,) and *Pool vs. Adkisson, &c.*, (1 *Dana*, 110.)

The distinguishing feature of this case, and that which gives to it its peculiar character, is this: that the vermifuge was put by the appellants into the possession of Hatch for the very purpose of being sold. Not the safe-keeping of the article for the use of appellants, but the sale thereof, by Hatch, was the object for which the possession was delivered to him.

It is true that the ownership of the property, until sold, remained in appellants. But Hatch, as the *quasi* factor, or commission merchant, of appellants, had the power and authority to sell it; a sale by him, in the due course of trade, would undoubtedly have passed the title to the purchaser, and appellants could not have reclaimed it.

But it is said that this is not a sale in the regular and due course of trade, but an assignment or transfer in trust to appellees, for the payment of the debts of Hatch, the assignor. And as the property was not his, but held by him for sale up-

on commission for the use of appellants, and it having come to the hands of appellees, and they, having sold it, should be held to answer for it to the true owners. That Hatch by a breach of the trust reposed in him, could not divest the real owners of their property.

It seems to us that the rule for the decision of this, and like cases, is briefly but correctly laid down by Justice Washington, in the case of *Veil and Petray vs. the administrators of Mitchell*, (4 *Washington's circuit court reports, pages* 105–6,) thus, "that where the principal can trace his property into the hands of his agent or factor, whether it be the identical article which first came to the hands of the factor, or other property purchased for the principal by the factor with the proceeds, he may follow it, either into the hands of the factor, or of his legal representatives, or of his assigns if he should become insolvent or bankrupt."

"The factor is a trustee for the principal, so long as he retains the property, or its representative in his hands; and his assignees, or legal representatives, take it subject to the same trust, which they cannot defeat by turning it into money, unless indeed they should pay it away in their representative character, before notice of the claim. It is in this point of view only that notice is necessary." (See also *Kent's Com.* 2 *vol., page* 811, 8*th edition, section* 41.)

Now, in this case, if the property remained in specie in the hands of appellees, it might be recovered by appellants as the true owners. Or, if appellees had sold it, and the proceeds of the sale remained in their hands, appellants would be entitled to the money.

But if the property was received by appellees from Hatch, under his assignment for the benefit of his creditors, without notice of the claim or right of appellants, and appellees have *bona fide* sold the property, and paid out the money according to the terms, and upon the trusts of the assignment under which they received it, *before notice* of the claim of appellants, we are of opinion that they (appellees) cannot be held liable to appellants.

---

In their answer it is stated by the appellees that they have paid out all the money which came to their hands from the sale of drugs, &c. But they do not say that they paid it all out *before notice* of appellants' claim. In this their answer was materially defective.

In addition to this, the allegation of the answer upon this subject must be deemed an allegation of new matter, not constituting a counter-claim or set-off, and should therefore have been considered as controverted by the adverse party as upon a direct denial. It was therefore incumbent on appellees to prove the allegation, and judgment could not properly have been rendered in their favor without this proof. But they failed to offer any proof upon this point.

The case was not properly prepared to test the rights of the parties upon the principles which we think were applicable to it.

The judgment in favor of appellees upon the pleadings and evidence is erroneous, *and is therefore reversed*, and the cause is remanded with directions to grant a new trial, and for further preparation and proceedings in accordance with the principles of this opinion.